UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEROME WASHINGTON; JAMES HOWLEY;
GARY BARKETT; DANIEL CAMPBELL;
JAMEL FLORIA; VINCENT MANCUSO,

               Plaintiffs,

               -against-

DR. CHEMA, THE TEAM LEADER; MR.
JACOB MATTHEW; DR. KLAYON; MS.
INDYN; MS. ASHA; MS. ASHA; DR.
MATTHEW; DR. RAYMOND,

               Defendants.

22-CV-1956 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Plaintiff Jerome Washington, who is currently a patient in the Rockland Psychiatric

Center, purports to bring this *pro se* action on his own behalf and on behalf of five other

individuals. Washington is the only plaintiff who signed the complaint and submitted an

application to proceed *in forma pauperis* (IFP), that is, without payment of the filing fees. By

order dated March 21, 2022, the Court granted Washington's request to proceed IFP.[1] For the

reasons set forth below, the Court dismisses the complaint. The Court grants Washington 30

days' leave to replead his claims. Because there is no indication that Howley, Barkett, Campbell,

---

[1] By order dated August 5, 2019, the Hon. Colleen McMahon of this court barred
Plaintiff Jerome Washington under 28 U.S.C. § 1915(g) from filing any federal civil actions IFP
while a prisoner. *See Washington v. Dorsetto*, ECF 1:19-CV-5290, 6 (S.D.N.Y. Aug. 5, 2019).
Although Washington filed a prisoner authorization (ECF 3) and indicates in his IFP application
that he is "incarcerated" at the Rockland Psychiatric Center (ECF 1), it appears that he is not a
prisoner for the purposes of Section 1915(g). According to records maintained by the New York
State Department of Corrections and Community Supervision (DOCCS), Washington's
sentence for his criminal conviction has expired, and on March 18, 2021, he was discharged from
DOCCS's custody. *See* http://nysdoccslookup.doccs.ny.gov/. Because Washington was not a
prisoner at the time he filed this action, the August 5, 2019, bar order does not bar him from
proceeding IFP.

Floria, and Mancuso intended to be involved in this action, the Court dismisses their claims without prejudice to them bringing their claims on their own behalf.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff Jerome Washington brings this action on his own behalf and on behalf of Rockland Psychiatric Center patients James Howley, Gary Barkett, Daniel Campbell, Jamel Floria, and Vincent Mancuso. The complaint appears to have been drafted by Washington and he is the only Plaintiff who has signed the complaint. Named as defendants are Dr. Chema, whom the complaint describes as the "team leader," Jacob Matthews, Dr. Klayo, Ms. Indyn, Ms. Asha, who appears to be listed twice, Dr. Matthew, and Dr. Raymond.

The complaint alleges that the events giving rise to Plaintiff's claims occurred in the Rockland Psychiatric Center from "June 7, 2022 [sic] to Feb. 26, 2022." (ECF 2, at 3.) The "facts" section of the complaint reads in its entirety: "They (officials) send inmates (prisoners) home when they finish there time of being (conditionally release) or they maximum time is up!" (*Id.* at 5.)

In the section of the complaint form to describe his injuries, Washington writes, "none." (*Id.* at 6.) Where he is asked to state the relief that he is seeking, Washington writes, "100 million dollars & stop sending prisoners [&] inmates 2 jail & prison after they complete from conditionally Release or maximum." (*Id.*)

## DISCUSSION

### A.      Claims on behalf of Howley, Burkett, Campbell, Floria, and Mancuso

Plaintiff Washington purports to bring claims on behalf of other individuals. The statute governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). Washington has alleged no facts suggested that he is an attorney. As a nonlawyer, Washington can only represent his own interests. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (internal quotation marks and citation omitted). The Court therefore dismisses any claims Washington is asserting on behalf of Howley, Burkett, Campbell, Floria, and Mancuso without prejudice to any claims these plaintiffs may bring on their own behalf.

**B.**     **Rule 8**

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Here, Washington's one-sentence complaint fails to allege enough facts to state a plausible claim. The Court is unable to discern any plausible legal claim that Washington may be asserting. Because Washington fails to allege facts suggesting a plausible legal claim, the Court dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.**     **Leave to Amend**

Washington proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Although it is unclear whether Washington will be able to allege additional facts to state a valid claim, in an abundance of caution, the Court grants Washington 30 days' leave to replead his claims.

In the "Statement of Claim" section of the amended complaint form, Washington must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Washington has an address for any named defendant, he must provide it. Washington should include all of the information in the amended complaint that he wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Washington suffered; and

d)  the relief Washington seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Washington's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why he is entitled to relief.

Because Washington's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Washington wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(20(B)(ii). The Court dismisses any claims brought on behalf of

Howley, Barkett, Campbell, Floria, and Mancuso without prejudice to bringing their claims on their own behalf.

The Court grants Washington 30 days' leave to replead his claims. Washington must submit the amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-1956 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Washington fails to file an amended complaint within the time allowed, the Court will enter judgment dismissing the complaint for the reasons stated in this order.

The Court instructs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 29, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        ─────────────────────────────
                                         LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____          ____ Civ. _____ ( ____ )
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*          **AMENDED**
                                                                            **COMPLAINT**

        -against-

_____          Jury Trial:   □ Yes      □ No
_____                              (check one)
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you*
*cannot fit the names of all of the defendants in the space provided,*
*please write "see attached" in the space above and attach an*
*additional sheet of paper with the full list of names.  The names*
*listed in the above caption must be identical to those contained in*
*Part I.  Addresses should not be included here.)*

I.      **Parties in this complaint:**

A.      List your name, address and telephone number.  If you are presently in custody, include your
        identification number and the name and address of your current place of confinement.  Do the same
        for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff      Name _____
               Street Address _____
               County, City _____
               State & Zip Code _____
               Telephone Number _____

B.      List all defendants.  You should state the full name of the defendant, even if that defendant is a
        government agency, an organization, a corporation, or an individual.  Include the address where
        each defendant may be served.  Make sure that the defendant(s) listed below are identical to those
        contained in the above caption.  Attach additional sheets of paper as necessary.

*Rev. 12/2009*                                      1

Defendant  No. 1        Name _____

                        Street Address _____

                        County, City _____

                        State & Zip Code _____

                        Telephone Number _____


Defendant  No. 2        Name _____

                        Street Address _____

                        County, City _____

                        State & Zip Code _____

                        Telephone Number _____


Defendant  No. 3        Name _____

                        Street Address _____

                        County, City _____

                        State & Zip Code _____

                        Telephone Number _____


Defendant  No. 4        Name _____

                        Street Address _____

                        County, City _____

                        State & Zip Code _____

                        Telephone Number _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.      What is the basis for federal court jurisdiction?  *(check all that apply)*

        ☐ Federal Questions                ☐ Diversity of Citizenship


B.      If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

        _____

        _____


C.      If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

        Plaintiff(s) state(s) of citizenship _____

        Defendant(s) state(s) of citizenship _____

        _____

### III.   Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.   Where did the events giving rise to your claim(s) occur? _____

_____

B.   What date and approximate time did the events giving rise to your claim(s) occur? _____

_____
_____

C.   Facts: _____

_____

| What happened to you? |

_____
_____
_____
_____

| Who did what? |

_____
_____

_____

| Was anyone else involved? |

_____
_____

| Who else saw what happened? |

_____
_____
_____

### IV.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____
_____
_____
_____
_____
_____

**V.       Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are

seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff      _____

Mailing Address             _____

                            _____

                            _____

Telephone Number            _____

Fax Number *(if you have one)*   _____


<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint.   Prisoners
        must also provide their inmate numbers, present place of confinement, and address.


<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.

Signature of Plaintiff:     _____

Inmate Number               _____


*Rev. 12/2009*                                    4